AARON D. FORD
Attorney General
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants*
*Brandon Gonzales and Brian Woods*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE MASON, | Case No. 3:18-cv-00151-RCJ-WGC |
| Plaintiff, | |
| vs. | JOINT PRETRIAL ORDER |
| WOODS, et al., | |
| Defendant. | |

Following pretrial proceedings in this case,

IT IS ORDERED:

I.   NATURE OF ACTION AND CONTENTIONS OF THE PARTIES

   A.   NATURE OF ACTION

This is a prisoner civil rights action filed under 42 U.S.C. § 1983, brought by Willie Mason (Mason), against multiple Defendants for events that took place while he was incarcerated by Nevada Department of Corrections (NDOC). (ECF No. 4) Pursuant to the Court's Screening Order (ECF No. 6) Plaintiff was allowed to proceed on the following one Count of Eighth Amendment Deliberate Indifference to Unsafe Prison Conditions. (*Id.*)

In the operative complaint (ECF No. 4), Plaintiff sues Defendants Culinary Supervisor Brian Woods, Correctional Officer Gonzales, Correctional Officer Kirchen, Correctional Officer Davis, and Lieutenant Bryant for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP"). (ECF No. 4 at 1–3.) Plaintiff alleges one count and seeks monetary relief. (*Id.* at 4, 11).

///

1

On March 3, 2020, Defendants filed a Motion for Summary Judgment. (ECF No. 20). The Magistrate Judge issued a Report and Recommendation granting a Partial Summary Judgment. (ECF No. 30). This Court adopted the Report and granted a Partial Summary Judgment. (ECF No. 35). The claims were dismissed as to Defendants Bryant, Davis and Kirchen. The case is proceeding against Defendants Woods and Gonzales.

### B. CONTENTIONS OF THE PARTIES

#### 1. Plaintiff's Contentions

For Count I, Plaintiff alleges the following: on September 16, 2016, at about 12:45 a.m., Plaintiff reported to his inmate job in ESP's kitchen. (*Id.* at 4.) Another inmate, Marcell Williams #1120655, was with Plaintiff. (*Id.*) Defendant Woods told Plaintiff, Williams, and Defendant Gonzales that they would prepare boiled eggs for breakfast. (*Id.*)

As Plaintiff collected eggs to boil, he alleges he noticed, on the kettle that he was supposed to use, a note, stating: "spindle broken do not use." (*Id.*) When Defendant Woods returned to the kitchen with more eggs, Plaintiff allegedly told him about the note. (*Id.*) Plaintiff claims Defendant Woods said, in front of Williams, that "it's all we got so we got to use it. Just don't roll it down and dip a pot in it to pull out its contents." (*Id.*) Plaintiff claims he did as he was told by Defendant Bryant and began to fill the kettle with eggs and water and began cooking at the direction of Defendants Woods and Gonzales. (*Id.*)

Twenty minutes later, Plaintiff alleges he checked the eggs and noticed that the kettle was tipping slightly. (*Id.* at 4–5.) But, before Plaintiff could tell Woods or Gonzales, the kettle tipped the rest of the way and spilled its contents on Plaintiff's lower shin and foot and on the ground. (*Id.* at 5.) Plaintiff immediately received medical treatment for first and second degree burns on his foot and leg.

Plaintiff was evaluated and treated for first and second degree burns on his foot. His foot was cleaned and one large and one smaller blister was noticed. Silverdene was applied and the wound was wrapped. He was treated with salve and wraps until December 7, 2016 when he was released from medical care. He was given cream to apply, as needed.

///

2

2.  **Defendants' Contentions**

Defendants contend that the evidence does not support Plaintiff's allegations. Defendants incorporate any Affirmative Defenses from the Answer as it pertains to Defendants. Defendants deny that Plaintiff's constitutional rights have been violated.

Defendants allege Plaintiff was given access to appropriate medical care and not denied his rights.

C.  **RELIEF SOUGHT**

Plaintiff seeks declaratory, compensatory and punitive damages.

II. **STATEMENT OF JURISDICTION**

This is a civil action commenced under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

III. **UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF**

1.  Mr. Mason, in this matter has filed a Complaint alleging violations of his constitutional rights under the Eighth Amendments. (ECF No.4).

2.  At all times relevant in the Complaint, Plaintiff was in lawful custody of the Nevada Department of Corrections ("NDOC") housed at Ely State Prison (ESP) (ECF No. 4 at 1).

3.  Plaintiff burned his foot with hot water on September 17, 2016, in the culinary trailer at ESP.

4.  The Steam Kettle, used for cooking eggs in the temporary trailer at ESP suddenly tipped, sending hot water onto Plaintiff's foot.

5.  The Plaintiff received medical care for his injury.

IV. **FACTS UNADMITTED THAT WILL NOT BE CONTESTED**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: NONE

V. **CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL**

A.  **PLAINTIFF'S CONTESTED FACTS**

*See* Complaint.

3

**B. DEFENDANTS' CONTESTED FACTS**

1. Whether Plaintiff has met his burden of producing evidence supporting the facts set forth above, i.e. whether he can prove that the individual defendant violated his Eighth amendment rights?

2. Whether any form of damages is available to Plaintiff for any alleged failures?

**VI. CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL**

**A. PLAINTIFF**

1. Whether or not the claim against Defendants, violates Plaintiff's Constitutional rights, and do the facts warrant a damage award?

**B. DEFENDANT**

1. Did Defendant individually violate Plaintiff's constitutional rights?

2. Did Mr. Mason prove the elements of a violation of his Eighth Amendment rights? The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832.

In *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. *Farmer*, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. *Id.* at 836–37. It not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. *Id.* at 842. Rather, deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057

///

4

(9th Cir.2004) (internal citation omitted) (emphasis added).Prison officials may avoid Eighth Amendment liability by showing:

> (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger"; (2) "that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent"; or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted."

*Rodriguez v. Secretary for the Department of Corrections*, 508 F.3d 611 at 617–18 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982–83 (1994)).

## VII. EXHIBITS

### A. STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY

1. Administrative Regulation 560.
2. Administrative Regulation 740.
3. Administrative Regulation 613.

### B. STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY

None.

### C. PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS

### D. DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS

1. Plaintiff's Movement History Report;
2. Plaintiff's housing history report;
3. Plaintiff's Grievance file, including all relevant grievances;

  4. Certified Judgment(s) of Conviction of Plaintiff for underlying offense (only if needed for impeachment);

  5. Plaintiff's Institutional File ("I-File");

  6. Plaintiff's NDOC Central File ("C-File");

  7. Law Library Logs;

  8. Legal Mail Logs for relevant time period;

  9. Law Library Brass Slips;

  10. Plaintiff's Case Notes as maintained on the NDOC NOTIS system from 2014 to Present.

  11. Plaintiff's Medical records;

  12. All documents relating to the Medical Programs.

  13. All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims.

  14. Any and all other exhibits that may support the statements of fact and law cited herein and to rebut Plaintiff's statements, claims, and testimony.

  15. Any and all other exhibits that rebut witnesses that might be called to respond to claims made by either Plaintiff or any of his proposed witnesses;

  **E.** **DEPOSITIONS**

  1. None.

**VIII.** **WITNESSES**

  **A.** **PLAINTIFF'S WITNESSES:**

Plaintiff wishes to reserve the right to call the following persons:

**B.    DEFENDANT'S WITNESSES:**

Defendants wish to reserve the right to call the following persons:

1. Plaintiff John Willie Mason, Inmate, Ely State Prison;

2. Bryan Woods, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

3. Brandon Gonzales, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

4. Charles Davis, Former Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

5. Warden William Gittere, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

6. Ely State Prison Medical Providers, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

7. Theresa Wickham, R.N. c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

8. Harold Wickham, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

9. Patricia Smith, R.N. c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

10. Custodian(s) of Record for any exhibits identified above, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, and (775) 684-1100.

11. Any and all rebuttal witnesses that might be called to respond to claims made by either Plaintiff or any of his witnesses.

12. Any and all other witnesses that have personal knowledge supporting Defendant's statements of fact or law cited herein.

13. All witnesses identified by Plaintiff, whether or not called to testify at trial.

///

Plaintiff and Defendants reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial.

## IX. AVAILABLE TRIAL DATES

Plaintiff and Defendants' Counsel expressly understand that the Clerk shall set the trial of this matter at the convenience of the Court's calendar. A jury has been requested.

The following are three weeks in which both parties are available:

The week of January 17

The week of January 24

The week of January 31

## X. TIME EXPECTED FOR TRIAL

It is estimated that the trial herein will take a total of 5-7 days.

DATED this 3rd day of March, 2021.

AARON D. FORD
Attorney General

_/s/ Willie Mason_ 3-2-21     By: _/s/ Douglas R. Rands_
Willie Mason,                      DOUGLAS R. RANDS, Bar No. 3572
Plaintiff                          Senior Deputy Attorney General

*Attorneys for Defendants*

IT IS ORDERED that Jury Trial is scheduled for Monday, January 31, 2022 at 8:30 AM in Reno Courtroom 3 before Judge Robert C. Jones. Calendar Call is scheduled for Monday, January 10, 2022 at 10:00 AM in Reno Courtroom 3 before Judge Robert C. Jones.

IT IS FURTEHR ORDER that the Attorney General's Office will make the necessary arrangements for plaintiff to appear in person for the Calendar Call and Jury Trial.

ROBERT C. JONES
United States District Judge
Dated: March 4, 2021.

8