UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE MASON,<br><br>    Plaintiff<br><br>v.<br><br>WOODS, et. al.,<br><br>    Defendants | Case No.: 3:18-cv-00151-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 49 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for a Preliminary Injunction. (ECF No. 49.) Defendants filed a response (ECF Nos. 50, 50-1), and plaintiff filed a reply (ECF No. 51).

Plaintiff seeks a preliminary injunction that gives him a higher degree of access to the law library. After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 4.) Following an order granting Defendants' motion for summary judgment in part, this action is proceeding with a single Eighth Amendment claim of deliberate indifference to his safety against Gonzales and Woods. The claim is based on allegations that Plaintiff was working in the culinary department of the prison and alerted these Defendants to a safety issue with a steam kettle that was used to cook eggs, but Defendants directed him to use the kettle anyway, and it tipped

suddenly and sent boiling water onto Plaintiff's foot causing him second and third degree burns, nerve damage, and significant pain. (*See* ECF Nos. 30, 35.)

This case has been set for trial on Monday January 3, 2022. (*See* ECF No. 48.)

Plaintiff has filed a motion for preliminary injunction where he states that Covid-19 has hindered Plaintiff's access to pursue legal assistance. He seeks access to the legal library and adequate assistance from persons trained in the law. He goes on to assert that he wants a higher degree of access to the law library, once or twice a week, to prepare for his trial. (ECF No. 49.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is

likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

In addition, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally." *Id.*

1 (quoting *De Beers Consl. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

### III. DISCUSSION

Typically, a request for a preliminary injunction must be related to the claims proceeding in this case. Here, Plaintiff has an Eighth Amendment claim for deliberate indifference to his safety, and not a First Amendment access to courts claim. Under the circumstances presented here, where Plaintiff claims that his access to the law library is hindering his ability to prepare for trial in this matter, the court will nevertheless address his claim for relief.

Importantly, Plaintiff has not addressed the *Winter* factors. He has not established that he is likely to succeed on the merits of his claim. Nor has he demonstrated he will suffer irreparable injury in the absence of injunctive relief.

According to HDSP law library supervisor Jacques Graham, prior to Covid-19, inmates generally had physical access to the law library, but due to Covid-19 safety protocols, inmates now receive law library services in the manner traditionally provided to inmates in segregated housing assignments. A correctional officer assigned to the law library makes visits to each housing unit and inmate cell to pick up or deliver requests. Inmates can submit requests to obtain law library materials and there is no limit on the number of requests. Inmates may also receive, process and research case law and Nevada statutes, they may request legal copy work, and they receive assistance with e-filing. At the time of his declaration Graham said that inmate assistances were initially removed from staffing the law library due to safety concerns; however, on February 10, 2021, three inmates began assisting him, and three additional inmates had been assigned to assist him and were undergoing training. In addition, HDSP had received approval

4

for an additional paid staff member in the law library. (*See* Decl. of Jacques Graham, HDSP Prison Law Library Supervisor, ECF No. 50-1.)

Plaintiff does not state what law library assistance he has requested that is pertinent to this case that he deems inadequate. In other words, he does not describe what materials he has requested and has been unable to obtain and how that has precluded him from preparing for this trial. As Defendants point out, inmates in segregated housing status have routinely been provided access to the law library resources in this fashion, and the fact that Plaintiff has not had physical access to the law library, standing alone, does not violate his right of access to the courts. Asserting generalities such as denial of physical access to the law library and that HDSP is providing inadequate access is insufficient to prevail on a motion for injunctive relief. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (citation omitted) (inmate must show actual injury to prevail on access to courts claim). "[A]n inmate cannot establish relevant actual injury by simply establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis,* 518 U.S. at 351. Instead, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

Finally, Plaintiff has not addressed the balance of hardships or public interest factors.

Plaintiff has not met his burden of demonstrating he is entitled to injunctive relief; therefore, his motion for a preliminary injunction should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for preliminary injunction (ECF No. 49).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 27, 2021

_____
William G. Cobb
United States Magistrate Judge